# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER J. SMITH,<br>　　　Petitioner, | Case No. 1:16-cv-998 |
| | Black, J. |
| vs. | Litkovitz, M.J. |
| WARDEN, LEBANON<br>CORRECTIONAL INSTITUTION,<br>　　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

　　　In this *pro se* habeas corpus action filed pursuant to 28 U.S.C. § 2254, the petitioner challenges his April 2009 conviction and sentence for attempted murder, felonious assault, aggravated robbery, robbery and having weapons while under disability in Hamilton County, Ohio, Court of Common Pleas Case No. B0806629.  (*See* Doc. 3, p. 1, at PAGEID#: 120).  On October 13, 2016, the undersigned issued an Order granting petitioner's application to proceed *in forma pauperis* and ordering the petitioner to show cause in writing "why this action should not be transferred to the Sixth Circuit Court of Appeals as a successive petition."  (Doc. 2).  This matter is now before the Court on petitioner's response to the show cause order, which was filed on October 24, 2016.  (Doc. 4).

　　　As discussed in the October 13, 2016 Order (*see* Doc. 2), this is not the first habeas corpus petition that petitioner has filed with this Court challenging his conviction and sentence in Case No. B0806629.  In a prior *pro se* petition filed in November 2010, petitioner raised claims challenging the sufficiency of the evidence, the trial court's failure to merge offenses for sentencing purposes, his trial and appellate counsel's representation, the prosecutor's conduct, the trial court's denial of a motion to suppress evidence allegedly obtained in violation of the Fourth Amendment, and the exclusion of jurors on the basis of race.  *See Christopher Smith v.*

*Warden, Lebanon Corr. Inst.*, No. 1:10-cv-841 (Beckwith, J.; Merz, M.J.) (Docs. 1, 12-14; *see also* Docs. 17, 21, 24). On February 12, 2012, that petition was dismissed with prejudice. *Id.* (Docs. 24-25).

In the instant habeas petition, petitioner alleges four grounds for relief. In Grounds One through Three, petitioner asserts claims challenging his appellate counsel's performance in the direct review proceedings before the Ohio Court of Appeals and Ohio Supreme Court. (*See* Doc. 3, pp. 5-6, 8, at PAGEID#: 124-25, 127). In Ground Four, he alleges that the judgment of conviction is "void" because the State and trial court "lack[ed] personal subject matter jurisdiction" in the matter. (*Id.*, p. 9, at PAGEID#: 128). It appears from the face of the petition that petitioner raised that claim in a petition for a writ of habeas corpus filed in June 2016 with the Ohio Supreme Court, which was summarily denied on July 27, 2016. (*See id.*, pp. 3, 9-10, 19, at PAGEID#: 122, 128-29, 151).

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first

request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id.*

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*,

3

whether the petitioner was entitled to a new direct appeal).

In contrast, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal qualifies as a decision "on the merits." In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998). Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g., McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to the Sixth Circuit as a successive petition).[1]

The Supreme Court has held that a habeas corpus petition is not successive and, therefore, § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010). Although the *Magwood* Court expressly declined to address whether the petitioner is allowed to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" in the subsequent application, *see id.* at 342 (emphasis in original), the Sixth Circuit has recently held that "a new judgment" entered following an intervening proceeding, such as resentencing, "permits the inmate to challenge the original conviction," as well as the intervening new judgment, "without clearing the second-or-

---

[1] *Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, ... is not the equivalent of a successive habeas petition").

successive hurdles." *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015), *reversing*, No. 1:12cv2000, 2013 WL 5531365 (N.D. Ohio Sept. 26, 2013); *see also In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016).[2]

This case is distinguishable from *King, In re Stansell* and *Magwood*. Here, it is clear from the face of the instant petition that petitioner is attacking the same conviction and prison sentence that he challenged in his prior federal habeas petition and that has remained in effect since final judgment was entered in the underlying state criminal proceeding in May 2009. It is also clear that no "new judgment" has been entered by the state courts in any intervening proceeding that has occurred after the adjudication of petitioner's prior habeas petition. In contrast to *King, In re Stansell* and *Magwood*, which involved changes in the petitioner's sentence that occurred between habeas proceedings, petitioner's state habeas corpus petition filed in 2016 with the Ohio Supreme Court was *denied*. Therefore, this case does not involve any intervening "new judgment" that falls within the exception recognized in *King, In re Stansell* and *Magwood* for bypassing the requirements governing second or successive petitions that is set forth in 28 U.S.C. § 2244(b).

---

[2] It is noted that in an unpublished decision filed after *King*, but before *In re Stansell*, the Sixth Circuit pointed out that *King* "did not exclude the possibility that minor amendments to a judgment, such as those that correct clerical or technical errors while leaving a petitioner's conviction and sentence intact, may not create a new 'judgment' within the meaning of *Magwood*." *Askew v. Bradshaw*, 636 F. App'x 342, 348 (6th Cir. 2016). In so emphasizing, the court stated: "Indeed, in *In re Mackey*, No. 13-3072 (6th Cir. June 26, 2014), we held in an unpublished order that an Ohio court's reopening of a petitioner's sentence merely to enter post-release conditions of control was a simple 'correct[ion] [of] a technical error' that did not save the petitioner's subsequent second-in-time habeas application from the requirements of 28 U.S.C. § 2244(b)." *Id. Askew* was recently undercut by the Sixth Circuit in *In re Stansell* to the extent that the Sixth Circuit expressly rejected the State's arguments that "only a full resentencing results in a new judgment" and that amendments to post-release control are merely "ministerial change[s]" or "technical correction[s]" that "do not alter the substance of [the petitioner's] sentence and thus do[] not create a new judgment." *In re Stansell*, 828 F.3d at 417. In the later published decision, the Sixth Circuit held that even in cases where a sentence is only partially vacated and remanded for resentencing for the sole purpose of adding a term of post-release control, the change in sentence is a new judgment that does not implicate successive-petition concerns. *See id.* at 418. In so ruling, however, the court emphasized that "we do not imply that *any* change to a petitioner's sentence reopens the door to successive habeas filings; we hold only that a partial resentencing that results in the imposition of post-release control is the *type* of change that creates a new judgment for purposes of the second or successive bar." *Id.* at 419 (emphasis in original).

In this case, the undersigned concludes that petitioner's *pro se* petition for a writ of habeas corpus is "successive" within the meaning of § 2244(b) because petitioner's prior habeas petition was adjudicated on the merits and petitioner is not contesting any "new judgment" in this proceeding.  Moreover, to the extent that petitioner has posited new claims for relief in the instant petition, which were not asserted in his prior habeas petition, the claims are successive under 28 U.S.C. § 2244(b)(2) because (1) petitioner has not shown they rely on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (2) that the factual bases for the new claims could not have been discovered previously through the exercise of due diligence, **and** such facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offenses.  After reviewing petitioner's response to the October 13, 2016 show cause order (*see* Doc. 4), the undersigned is convinced that petitioner has not satisfied the jurisdictional standards set forth in § 2244(b), which would permit this Court to review the instant petition.[3]

Accordingly, in sum, because the instant habeas corpus petition is successive within the

---

[3] Petitioner may argue that his fourth ground for relief is not successive to the extent he is challenging the Ohio Supreme Court's recent July 2016 denial of his state habeas petition without opinion and thus is asserting a claim that was not available when the prior habeas petition was adjudicated.  However, such a claim does not constitute a cognizable ground for federal habeas relief.  The federal habeas court has jurisdiction to review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States.  *See* 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions").  Moreover, the "the writ of habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies in state post-conviction proceedings, . . . which address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration."  *See, e.g., Dickey v. Warden, Lebanon Corr. Inst.,* No. 1:08cv819, 2010 WL 92510, at *1, *10 (S.D. Ohio Jan. 6, 2010) (Beckwith, J.; Black, M.J.) (citing *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986); *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002); *Alley v. Bell*, 307 F.3d 380, 386-87 (6th Cir. 2002)).  Any error by the Ohio Supreme Court in ruling on petitioner's state habeas petition does not implicate constitutional concerns and, in any event, involves a "collateral matter" that falls outside the scope of federal habeas review.  *Cf. id.* (involving claims of error that allegedly occurred on appeal from the denial of the petitioner's post-sentence motion to withdraw his guilty plea); *Brown v. Warden, Lake Erie Corr. Inst.*, No. 1:11cv2765, 2014 WL 132367, at *1, *17-18 (N.D. Ohio Jan. 14, 2014) (and cases cited therein) (involving claim challenging the denial of a motion for new trial based on new evidence without a hearing).

meaning of 28 U.S.C. § 2244(b), this Court lacks jurisdiction to consider it in the absence of prior authorization by the Sixth Circuit. When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.). Therefore, it is **RECOMMENDED** that the instant petition be transferred to the Sixth Circuit for review and determination whether the district court should be granted authorization to entertain it.

## IT IS THEREFORE RECOMMENDED THAT:

Because this Court lacks jurisdiction in this matter involving a successive habeas petition within the meaning of 28 U.S.C. § 2244(b), petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **TRANSFERRED** to the Sixth Circuit for further proceedings as required under 28 U.S.C. § 2244(b)(3).


Date:  10/26/2016                               *s/Karen L. Litkovitz*
                                                Karen L. Litkovitz
                                                United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER J. SMITH,  
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:16-cv-998

Black, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc